**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CRIMINAL ACTION NUMBER: 1:08CR-00014-JHM**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**vs.**

**DUSTIN MCPHETRIDGE**                                          **DEFENDANT**

<u>**ORDER**</u>

The above-styled case was called in open Court on February 20, 2008, for the purposes of initial appearance and arraignment.  There appeared the Defendant, Dustin McPhetridge, in custody, having appeared on a writ.  Assistant United States Attorney James H. Barr was present on behalf of AUSA Joe E. Lawless for the United States of America. These proceedings were recorded electronically.

The Defendant acknowledged having received a copy of the Indictment, including the Penalties Page, and acknowledged an understanding of the charges contained therein. The Defendant was advised of his Constitutional Rights, including his right to Court appointed counsel.  The Defendant made an oral request for Court appointed counsel.

The Court having questioned the Defendant, under oath, regarding his financial situation;

**IT IS THE FINDING OF THE COURT** that the Defendant is eligible for Court-appointed counsel.

**IT IS HEREBY ORDERED** the Office of the Federal Defender is appointed to represent the Defendant in this action.  Assistant Federal Defender Jamie Haworth was available to assume representation of the Defendant.  Ms. Haworth advised the Clerk of the Court that Federal Defender Scott Wendelsdorf will be the attorney of record in this matter.

As to the matter of arraignment, Defendant, by counsel, acknowledged his identity, acknowledged having been furnished a copy of the Indictment and advised of the nature of the charges contained therein.

Counsel on behalf of Defendant, waived formal reading of the Indictment and entered a plea of **NOT GUILTY** to the charges contained therein.

**IT IS HEREBY ORDERED** as follows:

1.      This matter is assigned for **trial by jury at Bowling Green, Kentucky, on April 28, 2008, at 9:00 a.m. C.D.T.,** before the Honorable Joseph H. McKinley Jr., United States District Judge.  Counsel shall be in Court thirty minutes before trial.  The expected length of trial is three (3) days.

2.      **Pretrial discovery and inspection.**

A.      **No later than February 29, 2008**, the United States Attorney and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to disclosure under F.R.Cr.P. 16.

2

B.      If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.  The request may be oral or written and the United States Attorney shall respond in like manner.

(1)     <u>Jencks Act material</u>.  Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to the Defendant by the United States prior to trial.

(2)     <u>Brady material</u>.  The government shall disclose any <u>Brady</u> material of which it has knowledge in the following manner:

(a)     pretrial disclosure of any <u>Brady</u> material discoverable under Rule 16(a)(1);

(b)     disclosure of all other <u>Brady</u> material in time for effective use at trial.

If the government has knowledge of <u>Brady</u> rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an <u>in camera</u> hearing for the purpose of resolving this issue; failure to disclose <u>Brady</u> material at a time when it can be effectively used at trial may result in a recess or a continuance so that the Defendant may properly utilize such evidence.

(3)     <u>Rule 404(b) evidence</u>.  Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

**Any motion for additional discovery or inspection** shall be made **on or before March 7, 2008,** after compliance by the parties with F.R.Cr.P. 16.   Any such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

C.      The parties are reminded of the continuing duty under F.R.Cr.P. 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

3.      **All motions to suppress evidence** and any other motion requiring a pretrial hearing, shall be filed **no later than March 14, 2008**.

**All other defensive and pretrial motions**, including motions in limine, shall be filed **no later than March 21, 2008**.

4.      All motions, responses and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform with and are subject to the requirements and time limitations contained in LCrR12.1, except as otherwise provided herein.

5.      **No later than April 21, 2008**, the parties shall file a trial memorandum containing the following:

A.      The statute(s) involved and elements of the offense.  (With discussion of authorities, if disputed.)

B.      A statement of undisputed and disputed facts.

C.      A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

4

D. A statement of evidentiary issues which it is reasonably believed will be raised at trial together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

E. A statement of any known or reasonably anticipated potential trial problems, or other issues which may assist the Court in trying the case.

F. Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions.  Additional requests at trial are to be kept to a minimum.

G. Proposed voir dire questions.

H. Counsel shall file an exhibit list, and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

I. The United States shall submit, for the Court's in camera review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each such witness.

J. At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

K. The United States shall retain possession of physical exhibits (i.e., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

As to the matter of detention, counsel for the Defendant advised since the Defendant was appearing on a writ out of state court, the Defendant waives his right to a detention hearing at this time.  The Defendant executed a waiver to that effect.

5

**IT IS HEREBY ORDERED** the Defendant is remanded to the custody of the

United States Marshal Service pending the trial of this action.

ENTERED this

Copies to:      Counsel of Record
                U.S. Probation
                U.S. Marshal
                Ms. Erica Skinner, Case Manager
                Ms. Patricia Barrick, Jury Administrator

0|07