UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 1:08CR-14-M

DUSTIN MCPHETRIDGE a/k/a wrestlingdudeeasttn            DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, Dustin McPhetridgeMCPHETRIDGE a/k/a wrestlingdudeeasttn, and his attorney, Scott T. Wendelsdorf, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of 18 U.S.C. § 2423(b).

2. Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the single charge in the Indictment. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> Beginning on September 30, 2007, McPhetridge, using the screen name "wrestlingdudeeasttn" engaged in on-line communications with a person he believed to be a 13-year-old girl living in Kentucky. McPhetridge lived in Tennessee. He initiated the on-line communication, using the Internet.

1

Between September 30, 2007, and October 20, 2007, McPhetridge engaged in several on-line chats with the 13-year-old. In fact, the 13-year-old was an adult pretending to be a 13-year-old girl. During the communications, McPhetridge engaged in sexually explicit discussions with the person he believed to be a 13-year-old girl. The two also engaged in several telephone conversations.

On October 20, 2007, McPhetridge drove from Surgoinsville, Tennessee, to Bowling Green, Kentucky. He made the trip to meet with the 13-year-old for the purpose of engaging in sexual intercourse with her. A search of McPhetridge's vehicle after arrest revealed a cell phone, KY Jelly, electric razor, Kodak Easy Share digital camera, scan disk memory card (128 mb), and map quest directions to the house. During post-arrest interview, McPhetridge admitted to on-line communications, travel, and intent to have sex with girl.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 30 years, a maximum fine of $250,000.00, and a term of supervised release of at least five years and could be as much as life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.

The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. Defendant understands that the United States will inform the court that no restitution is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C.

§ 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will:

-agree that a sentence of 60 months, to be followed by a term of supervised release for life, is the appropriate disposition of this case;

-agree to a felony fine at the low end, provided the Court determines the defendant has the ability to pay a fine;

-agree not to seek any additional Indictment for conduct by the defendant in relation to the Kentucky Bureau of Investigation criminal investigation and his subsequent arrest on 10/20/2007

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude the agreed upon sentence is appropriate.

A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| Base Offense Level<br>Travel for Prohibited Sex<br>U.S.S.G. §2G1.3(4) | 24 |
| Use of Computer<br>U.S.S.G. §2G1.3 b(3) | +2 |
| Acceptance of Responsibility<br>U.S.S.G. §3E1.1(b) | -3 |
| Total | 23 |

B. The Criminal History of defendant shall be determined upon completion of the pre-sentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12. ~~Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742 provided, however, that the sentence imposed is consistent with the terms of this Plea Agreemen~~t. The Defendant knowingly and voluntarily waives the right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or for any other reason, including but not limited to ineffective assistance of counsel. Defendant understands and agrees that nothing in this Plea Agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service

of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

16. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

17. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), then this Agreement shall become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty, and the United States shall be free of any agreement contained herein and free to seek any superseding Indictment.

18. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By:

_____      7/23/08
Jo E. Lawless                  Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____      7/23/08
Dustin McPhetridge             Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____      7/23/08
Scott Wendelsdrof              Date
Counsel for Defendant

DLH:JEL:080709