**FILED**
VANESSA L. ARMSTRONG, CLERK

OCT 2 6 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

DUSTIN MCPHETRIDGE,                  §
            **Petitioner**       §
                        §
Vs.                                  §   CRIMINAL NO. 1:08-cr-00014-JHM
                        §
UNITED STATES OF AMERICA,            §
         **Respondent** §

PETITIONER'S MOTION SEEKING

CLARIFICATION/CORRECTION/AMENDMENT OF A JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW INTO COURT COMES**, Dustin McPhetridge, (hereinafter "Petitioner"), **pro se**, in the above-styled and numbered cause of action. In support of relief, Petitioner would show:

STATEMENT OF THE CASE

Petitioner was first arrested on 10/20/2007 and charged by the state of Warren County, Bowling Green, Kentucky, in cause # 07-cr-1006, with the offense of Unlawful Trans. w/Minor, Illegal Sex Act, U/16 yoa.

While being held in Warren County, Petitioner was subsequently taken into federal custody for purposes of arraignment in the United States District Court for the Western District of Kentucky, Bowling Green Division, in cause # 1:08-cr-00014-JHM, for the offense of Travel in Interstate Commerce to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b)and (e). This charge was

(1)

predicated upon the same conduct of the above state charge committed on 10/20/2007.

On 11/12/2008, Petitioner was sentenced on the federal charge first, to a term of 60 months imprisonment followed by a life-time term of supervised release. On 1/27/2009, Petitioner was sentenced on the state charge, to a 7 year term of imprisonment, and began serving said sentence in state custody. Petitioner has since paroled the state sentence on 12/23/2009 and is currently serving the federal term.

## STATEMENT OF THE FACTS

At the time of the imposition of the federal term, this Court made no mention of its intentions as to how the federal sentence was to run to the yet-to-be-imposed-but-anticipated state sentence.

On October 16, 2009, this Court issued an "Order Amending Judgment", thereby clarifying its intentions that the federal sentence run concurrent with the state sentence.

The Bureau of Prisons ("BOP"), in originally calculating Petitioner's sentence, concluded that 12/23/2009 was the "sentence begin date." However, once the BOP finally recognized this Court's Order Amending Judgment, it recalculated the sentence, concluding that 11/12/2008 was the correct sentence begin date.

(2)

## STATEMENT OF THE ISSUE

Whether this Court intended for Petitioner to receive credit for any period of imprisonment already served prior to the imposition of the sentence that is not being credited to the federal sentence by the BOP?

## ARGUMENT AND AUTHORITIES

### 1.) Introduction

It is Petitioner's most fervent hope that this Court intended for Petitioner to receive credit towards his federal sentence from the date of the commencement of the offense to the present, or as an alternative, from the date of federal arraignment to the present.

Consequently, Petitioner respectfully seeks this Court's intervention in issuing an "Order Amending Judgment", thereby clarifying that it was this Court's intentions for Petitioner to receive these time credits which the BOP cannot award under 18 U.S.C. § 3585(b).

### 2.) Argument

It is well established that a defendant may be prosecuted and sentenced by both federal and state governments if the defendant's criminal conduct violates the laws of each sovereign. United States v. Wheeler, 435 U.S. 313, 316-17 & n. 7 (1978). Whether a sentence imposed should run consecutively or concurrently is committed to the sound

(3)

discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). However, the Sixth Circuit has held that a district court may not order a sentence to be served consecutively to a yet-to-be imposed sentence. **United States v. Quintero**, 157 F.3d 1038, 1039-40 (6th Cir. 1998).

In the present case, after exhausting Petitioner's administrative remedies, it appears that the BOP's refusal to credit the federal sentence with the disputed time is predicated upon 18 U.S.C. § 3585(b).

"[D]istrict court[s], in relying only on § 3585(b), [can] easily make the wrong prediction as to what credit will be awarded." **United States v. Dorsey**, 166 F.3d 558, 564 (3rd Cir. 1999). "[F]urther, even if the district courts had the time or the resources to decipher the [BOP's] voluminous and highly technical Sentencing Computational Manual [P.S. 5880.28], ... the court's lack of expertise will sometimes lead to a[n] [inadvertent] mistake,...". **Id.** (internal quotation marks and quotations removed).

Albeit this Court's good intentions, it is understandable why this Court may have been confused as to what time credits the BOP would award Petitioner. And, Petitioner is very appreciative of this Court's concern it has shown and effort it has taken post-conviction in a

(4)

sincere attempt to remedy the confusion.

However, Petitioner respectfully suggests one last plausible scenario that could solve the time dispute and assure that Petitioner is awarded the presentence time credits that Petitioner wholeheartedly believes this Court intended for him to receive.

Petitioner contends it is undisputable that the state and federal crimes are one and the same, arising out of the same common scheme or plan and/or same course of conduct, which may seemingly call for the application of U.S.S.G. § 5G1.3(b)(1). This would allow this Court to adjust the sentence for the time the BOP will not credit Petitioner, somewhat of a departure. Or, this Court could simply award credit for the federal presentencing time by ORDER clarifying that Petitioner is entitled to such time to make the sentences truly concurrent (because the BOP cannot award the time under § 3585(b)).

### 3.) Conclusion

Accordingly, because Petitioner believes the BOP's calculations directly conflicts with this Court's intentions of Petitioner receiving wholly concurrent state and federal sentences, and because actual time of imprisonment should not turn on the happenstance of the scheduling of sentencing dates, **United States v. Dorsey**, 166 F.3d @ 563, Petitioner

(5)

respectfully requests this Court to invoke § 5G1.3(b)(1) and adjust the sentence or simply issue an ORDER clarifying that Petitioner is entitled to credit beginning on either 10/20/2007 (the date the offense was committed) or at a minimum 2/6/2008 (the date of federal arraignment). This would give Petitioner additional time credits of 12 months 23 days, or 9 months 6 days, respectively.

### PRAYER/CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Petitioner prays this Court will GRANT the requested relief.

Respectfully Submitted,

/s/ Dustin McPhetridge
DUSTIN McPHETRIDGE, pro se

### DECLARATION

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: 10/20/2011.

/s/ Dustin McPhetridge
DUSTIN McPHETRIDGE, pro se

### CERTIFICATE OF SERVICE

I hereby certify that the Respondent has been served with a true and correct copy by placing same in the U.S. Mail, first class, postage prepaid, addressed as follows:

(6)

DATED: 10 / 21 2011.

/s/ *Dustin McPhetridge*
DUSTIN McPHETRIDGE, **pro se**
FCI FORT WORTH
P.O. Box 15330
Fort Worth, Texas   76119-0330