October 30, 2003
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY - ATTEMPT AT INFORMAL RESOLUTION

Date Delivered to Inmate: 4-15-2011 By: _____ (Staff Name)

Bureau of Prisons Program Statement 1330.13 requires that "An inmate will first present an issue of concern informally to staff before an inmate submits a Request for Administrative Remedy." Also, the staff member must try to resolve the complaint informally before the inmate will be given a BP-229(13) form.

****************************************************************

1. Write your complaint in this space, as briefly as possible, including details and facts which support your request.
   I am not recieving my time credit for being in jail from Oct 20, 2007 to Nov 12, 2008

2. What action do you wish to be taken to correct the situation?
   To be gave my 1 year and 23 days of credit making my release date Feb 16, 2012

3. What have you done to informally resolve this matter? To whom have you spoken?
   Talked to Walker in Records and Judge Cureton in Fort Worth, TX

Inmate Name: Dustin McPhetridge    Reg. No.: 11246-033    Unit: Dallas

Date: 4-15-11

****************************************************************
Date Informal Resolution Submitted to Staff: 4-15-11    Submitted to: RJD

The unit staff member who has attempted to resolve the matter informally will indicate below the efforts he has made. Be specific, but brief:
He was told to file with the court

Responded to by: RJD    Date: 4-15-2011

Reviewed by Unit Manager: _____    Date: 4-15-11
****************************************************************
Date BP- 9    Delivered to Inmate: 4-15-11    Delivered by: _____

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: McPhetridge, Dustin J.    11246-033    Dallas    FCI-FTW
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - INMATE REQUEST**

I am filing because I am not receiving any of my jail time credit from Oct. 20, 2007 till Nov. 12, 2008. That is 1 year and 23 days I have done without credit. I was sentenced via federal judge 1st on Nov. 12, 2008 then Jan. 27, 2009 via the state of KY. The time credit should be on the fed sentence. Since Feb. of 2008 I was indited via federal court and held as a federal inmate at the following places: Warren Co. Jail (Bowling Green), FMC Lexington, KY and Grayson Co Jail (Leitchfield, KY). My release date should show as Feb 2012 not March 2013.

4-18-11          Dustin McPhetridge
DATE                      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Received 4.22.2011

---

DATE            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 636293-F1

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____    _____    _____    _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229(13)

MCPHETRIDGE, Dustin    REG. NO.  11246-033    FILED: 04-22-2011

REMEDY NO. 636293-F1    PART B- RESPONSE

This is in response to your Request for Administrative Remedy dated April 18, 2011, wherein you request that Bureau of Prisons staff recalculate your sentence and credit you with jail credit from October 20, 2007, through November 12, 2008.

You were sentenced in the Western District of Kentucky by the Honorable Joseph H. McKinley, United States District Judge, on November 12, 2008, to a term of 60 months. A review of your claim reveals that you were arrested by the state on October 20, 2007, and remained in their custody until April 1, 2008; whereas, you were removed on a writ by the U. S. Marshal's Service for federal charges. While on writ, you were housed at a medical center to receive medical treatment. You completed medical treatment on May 29, 2008, and as previously mentioned, were sentenced on November 12, 2008, to a term of 60 months. You were returned to state custody on March 2, 2009. On December 15, 2008, you were sentenced in Warren County, Kentucky, (Case No. 07-CR-1006) to a term of seven years to run concurrent to the federal and state sentences, with 466 days of credit given for time served. Additionally, on October 29, 2009, you were sentenced in Hawkins County, Kentucky, (Case No. 07S02207) to a term of eight years to run concurrent to the federal and state sentences. Their records indicate the credit you request has been applied to state sentences. Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), dated July 20, 1999, Chapter 3, Section (b), states "Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Therefore, you are not eligible for this credit.

On October 16, 2009, the Honorable Judge McKinley amended your federal sentence to allow you to serve your sentence concurrently with Warren County Case No. 07-CR-1006. Even though you were still in state custody and not released to exclusive federal custody until December 23, 2009. The amended judgment allowed your federal sentence to begin while you were still in state custody. Program Statement 5880.28, Chapter 3, Section b, further states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed."

Based on the above information, your request is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs, Suite 300, Dallas, Texas 75219, via a BP-230(13). Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____            6/9/11
Rebecca Tamez, Warden                       Date

U.S. Department of Justice | Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __McPhetridge, Dustin J.__    __11246-033__    __Dallas__    __FCI Fort Worth__
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A—REASON FOR APPEAL**

I received the attached BP-9 on June 13, 2011. I feel since I was in county jails from October 20, 2007 until November 12, 2008, and sentenced by federal court first, that the time credit should be applied to the federal sentence. Or as an alternative, at least from being arraigned in federal court on February 6, 2008. Within two days, Warren County Jail, Bowling Green, Kentucky, changed my status from a county inmate to a federal inmate and was held as a federal inmate until after being sentenced by the federal Judge Joseph McKinley on November 12, 2008, and I believe I asked Judge McKinley if I would receive proper jail credit and he agreed I believe so. Please check the court transcripts on my court appearance on November 12, 2008. So I feel I should receive time credit from October 20, 2007 until November 12, 2008, 1 year 23 days, or at least February 6, 2008 until November, 9 months and days from being arraigned and held as a federal inmate. I have also included a response to the BP-9 Warden Tamez signed off on that her records department head Mr. Waller made several mistakes on, so please take all this information into consideration when you make your decision. Please see atachment explaining the numerous errors that Mr. Waller made.

6-26-11
DATE                                 SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE                                 REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: __636293-__

**Part C—RECEIPT**      JUN 28 2011

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

```
MCPHETRIDGE, Dustin    REG. NO. 11246-033    RECEIPTED: 06-28-11

CASE NO. 636293-R2     PART B - RESPONSE
```

You are appealing the Warden's response to your complaint regarding your sentence computation. You state credit should be applied toward your federal term for time spent in service of your state sentence.

Investigation reveals you were originally arrested by state of Kentucky law enforcement officials on October 20, 2007. While in state custody, you were temporarily transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum. On November 12, 2008, you were sentenced in the Western District of Kentucky to a 60-month term of imprisonment, to be served concurrently with your state sentence. After sentencing you were returned to state custody for service of your state term. On December 23, 2009, you were released from the state to USMS custody for service of your federal term.

Title 18 U.S.C. 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit toward your federal sentence that as applied to your state term would be contrary to the intent of the statute.

In addition, Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, states time spent under a writ of habeas corpus from non-federal custody will not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court "borrows" an individual under the provisions of the writ for the purpose of the court appearance. Additionally, production of a defendant via a federal Writ of Habeas Corpus Ad Prosequendum does not shift the primary jurisdiction of custody to the federal authorities.

As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for presentence credit toward a federal sentence, for time spent in service of a state sentence, as a request for a *nunc pro tunc* designation. The Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with our policy, a

designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system. In addition, Program Statement 5880.28 states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

Contact with state law enforcement officials has confirmed you received credit on your state sentence for the time spent in federal custody for the purpose of the federal writ. On April 14, 2010, you were granted a *nunc pro tunc* designation, and your federal sentence has been computed as having commenced on
November 12, 2008, the date of imposition. The time from October 20, 2007, to November 11, 2008, was applied to your state term. Therefore, this time cannot be credited toward your federal sentence. Your current projected release date is March 21, 2013, via Good Conduct Time Release.

Based on a review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with Bureau of Prison policy and federal statute; therefore your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

7/25/11
Date

G. Maldonado, Jr.
Regional Director

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: McPhetridge, Dustin J.   11246-033   DALLAS   FCI FORT WORTH
     LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing Regions Response to my BP-10 based upon an inadequate investigation and confliction with the sentencing court's intentions. I feel since I was in county jails from October 20, 2007 until November 12, 2008, and sentenced by federal court first, that the time credit should be applied to the federal sentence. Or as an alternative, at least from being arraigned in federal court on February 6, 2008. Within two days, Warren County Jail, Bowling Green, Kentucky, changed my status from a county inmate to a federal inmate and was held as a federal inmate until after being sentenced by the federal Judge Joseph McKinley on November 12, 2008, and I believe I asked Judge McKinley if I would receive proper jail credit and he agreed I believe so. Please check the court transcripts on my court appearance on November 12, 2008. So I feel I should receive time credit from October 20, 2007 until November 12, 2008, 1 year 23 days, or at least February 6, 2008 until November, 9 months and 6 days from being arraigned and held as a federal inmate. I sincerely believe it was the federal sentencing court's intentions that I receive this credit towards my federal sentence, and the BOP's calculation therefore conflicts with the court's true intentions.

8-8-11
DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

GENERAL COUNSEL

CASE NUMBER: _____

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP-LVN

BP-231(13)
APRIL 1982

RECEIPT - ADMINISTRATIVE REMEDY

DATE: AUGUST 24, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DUSTIN MCPHETRIDGE, 11246-033
      FORT WORTH FCI     UNT: DAL      QTR: D02-031L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 636293-A1
DATE RECEIVED   : AUGUST 15, 2011
RESPONSE DUE    : SEPTEMBER 24, 2011
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: AUGUST 24, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DUSTIN MCPHETRIDGE, 11246-033
      FORT WORTH FCI     UNT: DAL     QTR: D02-031L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW. WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

```
REMEDY ID       : 636293-A1
DATE RECEIVED   : AUGUST 15, 2011
RESPONSE DUE    : OCTOBER 14, 2011
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :
INCIDENT RPT NO:
```

```
 FTWSA   540*23  *           SENTENCE MONITORING            *    10-19-2011
 PAGE 001         *            COMPUTATION DATA             *    12:12:49
                                AS OF 10-19-2011

REGNO..: 11246-033 NAME: MCPHETRIDGE, DUSTIN


FBI NO...........: 944635TC0           DATE OF BIRTH: 11-15-1980
ARS1.............: FTW/A-DES
UNIT.............: DAL                 QUARTERS.....: D02-075L
DETAINERS........: YES                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 09-21-2012

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-21-2013 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: KENTUCKY, WESTERN DISTRICT
DOCKET NUMBER...................: 1:08CR-00014-001-M
JUDGE...........................: MCKINLEY
DATE SENTENCED/PROBATION IMPOSED: 11-12-2008
DATE COMMITTED..................: 03-08-2010
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS  MISDMNR ASSESS   FINES           COSTS
NON-COMMITTED.:     $100.00        $00.00           $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -----------------------------
OFFENSE CODE....:  512
OFF/CHG: 18:2423(B) AND (E) TRAVEL IN INTERSTATE COMMERCE TO ENGAGE
         IN ILLICIT SEXUAL CONDUCT

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
 TERM OF SUPERVISION............: LIFE
 DATE OF OFFENSE................: 10-20-2007




 G0002        MORE PAGES TO FOLLOW . . .
```

```
 FTWSA   540*23 *            SENTENCE MONITORING              *      10-19-2011
PAGE 002        *             COMPUTATION DATA                *        12:12:49
                              AS OF 10-19-2011

REGNO..: 11246-033 NAME: MCPHETRIDGE, DUSTIN


------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-14-2010 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-21-2010 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 11-12-2008
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-20-2007

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 235
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 03-21-2013
EXPIRATION FULL TERM DATE.......: 11-11-2013


PROJECTED SATISFACTION DATE.....: 03-21-2013
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: DEFENDANT RELEASED FROM STATE SENTENCE ON 12-23-2009 DHK/C










G0002        MORE PAGES TO FOLLOW . . .
```

```
 FTWSA   540*23  *          SENTENCE MONITORING          *    10-19-2011
PAGE 003 OF 003  *           COMPUTATION DATA            *    12:12:49
                              AS OF 10-19-2011

REGNO..: 11246-033 NAME: MCPHETRIDGE, DUSTIN

----------------------------- CURRENT DETAINERS: -----------------------------

DETAINER NO..: 001
DATE LODGED..: 05-27-2011
JURISDICTION.: STATE OF TENNESSEE
AUTHORITY....: HAWKINS COUNTY SHERIFF'S DEPARTMENT
CHARGES......: SENTENCED TO 8 YRS WITH TDOC, CC WITH FEDERAL AND
               KENTUCKY STATE SENTENCE, CASE # 09CR0408




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```