# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CRIMINAL ACTION NUMBER: 1:08CR-14-M**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**vs.**

**DUSTIN MCPHETRIDGE**                                                     **DEFENDANT**

## ORDER AMENDING JUDGMENT

With the agreement of the parties, **IT IS HEREBY ORDERED** that this Court's Judgment and Commitment is amended as follows: The Defendant's previously imposed sentence of 60 months as to Count 1 of the Indictment shall be <u>served concurrently with the sentence of imprisonment imposed in the Warren Circuit Court, Division II, Bowling Green, Kentucky, Case No. 07-CR-1006</u>. A copy of the Judgment from the Warren Circuit Court is attached.

Except as provided above, all provisions of this Court's Judgment and Commitment entered November 17, 2008, shall remain in full force and effect.

Copies to:   Counsel of Record
               U.S. Marshal
               U.S. Probation
               Bureau of Prisons

Joseph H. McKinley, Jr., Judge
United States District Court

October 16, 2009

BP-S148.055  INMATE REQUEST TO STAFF  CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                             FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Records Dept. | 4/26/12 |
| FROM: McPhetridge, Dustin | REGISTER NO.: 11246-033 |
| WORK ASSIGNMENT: P.I.T.A. | UNIT: WB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am requesting time credit for my time. I have been in jail since Oct 20, 2007. My Federal time credit only starts on Nov 12, 2008. The Judge (McKinley) stated on ~~Nov 17, 1986~~ Oct 16, 2009 that my sentence shall be ran concurrently with Ky state time. I feel I am being cheated out of time credit of 12 months 23 days (from arrest to Nov 12, 2008), 9 months 6 days (Federal arraignment Feb 6, 2008 to Nov 12, 2008) or at least 7 months 12 days (from April 1st when the feds took custody of me till Nov 12, 2008). A court case (U.S. vs. Vizcarra) has stated "Double Counting" is allowed now this was decided Feb 7, 2012. This can be found at http://pub.bna.com/d/09114.pdf Please give me the time credit to give me a new outdate such as 3/29/12, 6/15/12 or at least 8/9/12.

(Do not write below this line)

DISPOSITION:

After a thorough review, It appears the judge wanted to give you credit for service of your state sentence, he is just not clear as to how much time. Your sentence is running concurrent as requested, but Federal Statute prohibits the BOP from giving you further credit. →

Signature Staff Member [signature]     Date 4/30-2012

Record Copy - File Copy - Inmate          This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)       and BP-S148.070 APR 94

The judge will have to sentence you pursuant to 5G1.3b and make your federal term less by the amount of time he wishes to credit you with (e.g. be 50 mo. or, he can order the BOP to give you credit for the time frame he deems appropriate (e.g. "credit to be awarded from 12-20-2007 thru 11-11-2008").

```
FORG4   542*22 *                SENTENCE MONITORING            *   05-29-2010
PAGE 001 OF 001 *                 GOOD TIME DATA                *   09:37:14
                                AS OF   05-29-2010

REGNO...: 11246-033      NAME: MCPHETRIDGE, DUSTIN
ARS 1...: FOR A-DES                                      PLRA
COMPUTATION NUMBER..: 010               FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE: 04-14-2010         FACL..: DSC    CALC: AUTOMATIC
UNIT................: WYNNE L           QUARTERS...........: W06-118L
DATE COMP BEGINS....: 11-12-2008        COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 0                 TOTAL INOP TIME....: 0
CURRENT REL DT......: 09-18-2013 WED    EXPIRES FULL TERM DT: 11-11-2013
PROJ SATISFACT DT...: 03-21-2013 THU    PROJ SATISF METHOD.: GCT REL
ACTUAL SATISFACT DT.:                   ACTUAL SATISF METHOD:
DAYS REMAINING......:                   FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                   DEPORT ORDER DATED..:

-------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

   START       STOP      MAX  POSSIBLE TO    ACTUAL TOTALS    VESTED    VESTED
   DATE        DATE      DIS      FFT        DIS      FFT    AMOUNT     DATE
  11-12-2008  11-11-2009  54       54
  11-12-2009  11-11-2010  54
  11-12-2010  11-11-2011  54
  11-12-2011  11-11-2012  54
  11-12-2012  03-21-2013  19

     TOTAL EARNED AMOUNT.........................................:    54
     TOTAL EARNED AND PROJECTED AMOUNT...........................:   235




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



## U.S. Department of Justice

*Federal Bureau of Prisons*

---

Designation & Sentence Computation Center        Grand Prairie, Texas 75051

March 8, 2010

**MEMORANDUM FOR J&C FILE**

FROM:     Dorothy Kiger
          Classification and Computation Technician

SUBJECT:  Dustin McPhetridge
          USM#   11246-033

*Federal Date of Offense:  10/20/2007*
*Federal Date of Imposition:  11/12/2008*

| | | |
|---|---|---|
| 10/20/2007 | | NCIC & PSR both list arrest date as 10/20/2007 booked into Warren CNTY Jail on 10/21/2007 |
| 10/21/2007 | Warren CNTY Jail | PSR # 6, 10 & 31 |
| 04/01/2008 | Released on Writ to USM | |
| 11/26/2008 | Warren CNTY Jail | On Writ to USM |
| 02/16/2009 | Returned from Writ | |
| 03/02/2009 | Warren CNTY Jail | State Custody |
| 04/30/2009 | Warren CNTY Jail | Transferred to La Grange |
| 10/26/2009 | Hawkins CNTY Jail | PSR # 32 |
| 10/30/2009 | Hawkins CNTY Jail | |

12/15/2008   Sentenced on Warren CNTY case #07-CR-01006 ( sentenced to 7 yrs to run  CC to the
             Federal  & State sentence, with credit given for time served 466 days) Mis -2

10/29/2009   Sentenced on Hawkins CNTY  # 07SO2207 (sentenced to 8 yrs to run CC to the Fed &
             State  sentence) Mis

12/23/2009   Released from state sentence into Federal custody.

*All credit above applied to State Sentences*



*Information received from:*

Le Ann, Deputy
Warren CNTY Jail
270-843-4606

Regina, Deputy Clerk





**Editorial Information: Prior History**

By Hugh B. Kaplan

> United States v. *Vizcarra*, 7th Cir., No. 09-1174, 2/7/12
>
> **Key Holding:** The U.S. Sentencing Guidelines allow multiple enhancements based on the same conduct unless there is a specific provision that expressly forbids it.
>
> **Potential Impact:** The decision disapproves decades of caselaw and reinterprets the guidelines principles on double counting.

## Opinion

Prior opinions professing that the U.S. Sentencing Guidelines generally forbid "double counting" are 180 degrees wrong, the U.S. Court of Appeals for the Seventh Circuit declared Feb. 7. (*United States v. Vizcarra*, 7th Cir., No. 09-1174, 2/7/12)

> In an opinion by Judge Diane S. Sykes, the court decided, "There is no background rule against double counting in the guidelines. To the contrary, under the general application rules announced and explained in § 1B1.1, the same conduct may determine the base offense level and also trigger cumulative sentencing enhancements and adjustments *unless* the text of the applicable guideline explicitly states otherwise."
>
> The court surveyed cases from all 12 circuits and identified five different approaches to handling claims of double counting. "Our cases are inconsistent about whether double counting is generally permissible or impermissible. ... We hold that double counting is generally permissible unless the text of the guidelines expressly prohibits it," the court concluded. This conclusion required the court to overrule its recent decision in *United States v. Bell,* 598 F.3d 366, 86 CrL 754 (7th Cir. 2010).
>
> **Weakest Link.**
>
> The court traced the source of the presumption against double counting to a line of Eighth Circuit caselaw issued before the U.S. Sentencing Commission began to address the issue in the commentary to U.S.S.G. § 1B1.1. The Seventh Circuit explained that, in the absence of a statement from the Sentencing Commission expressly authorizing double counting, the Eighth Circuit relied on the rule of lenity and other principles to presume that the commission did not intend that multiple increases be applied for the same conduct.
>
> This presumption was picked up by the Seventh Circuit in *United States v. Lallemand,* 989 F.2d 936 (7th Cir. 1993). "To the extent that *Lallemand*'s statement of a general rule against double counting was reasonable at the time, it is not now and has not been for quite some time," the court announced.
>
> Application Note 4 to Section 1B1.1 now expressly authorizes double counting by establishing the general principle that the various step increases in the guidelines are cumulative unless a specific guidelines instructs otherwise, the court pointed out. It stressed that, as of 1996, the commentary to Section 1B1.1 states, "*Absent an instruction to the contrary*, enhancements ... , adjustments ... , and determinations ... are to be applied cumulatively. In some cases, such enhancements, adjustments, and determinations may be triggered by the same conduct."
>
> The court suggested that the lingering confusion surrounding the issue is perhaps the result of subsequent decisions by the Seventh Circuit and its sister courts that continued to cite to

BNACRM                                                                 1

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

previous chains of authority stretching back to the early days of the guidelines without engaging in any independent analysis.

After conducting a more detailed analysis of this caselaw, the court reported, "Our colleagues in other circuits generally adhere to the principle that double counting is permissible unless the text of the applicable guideline instructs otherwise. Some circuits do so more or less strictly, but as a practical matter, in nearly every case the result is the same: As long as the district court applies the guidelines as written, there is no double-counting error."

With this understanding of the rule on double counting, the court rejected a kidnapping defendant's argument that his sentence should not have been enhanced on the ground that it involved a request for ransom.

Steven Saltzman, Chicago, argued for the defendant. Marny Zimmer, of the U.S. Attorney's Office, Chicago, presented the case for the government.

Full text at http://pub.bna.com/cl/091174.pdf

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

e.
7-25-12

FOR 1330.13-03
April 21, 2000
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: McPhetridge, Dustin    Date: 7/25/12

Register Number: 11246-033   Unit: W-B

Specific Complaint (include date) and Requested Relief: I have suffered from gallstones since 12/25/11 and have been put off many times. I was told they would ultrasound my gallbladder Feb 2012 and only recieved that 6/29/12 weeks after my family called Washington DC. I need the gallbladder removed. This is not appropriate medical care.

Efforts Made By Inmate to Informally Resolve Grievance (be specific): PA Ningo PA Hammer, Dr Pakar, AHSA Hoy, HSA Graham I have gave excuses why health services do nothing over this serious matter.

Counselor's Comments: You have cholelithiasis (gallstones) the common bile duct was normal. With thickening of the wall — at this time there is no referral for surgery - but a

_____    T. Moore  8/2/12
Correctional Counselor's Review Date    Unit Manger's Review Date

BP-9 was ISSUED

referral to the general surgeon is pending - M E Graham HSA 7/30/12

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Judge Joseph Mckinley Jr.
120 Federal Building
241 East Main Street
Bowling Green Ky 42101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name): Traci Ouff
C. Date of Delivery: 5/7/12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15