UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                              CRIMINAL ACTION NO.  1:08CR-00014-JHM

DUSTIN MCPHETRIDGE                                                                          DEFENDANT

*- Filed Electronically -*

**Response to Motion Seeking Time Clarification/Correction/Amendment of a Judgment**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to the defendant's *pro se* motion seeking time clarification / correction / amendment of the judgment entered in his case and states its objections thereto.  McPhetridge seeks clarification where none is needed.  As noted in an earlier response to a similar motion filed by McPhetridge, this Court, by Order entered October 16, 2009, (DN 22), amended the original judgment in the case to reflect that the federal sentence be run concurrently with the sentence imposed in Warren Circuit Court Action 07CR1006.  McPhetridge's current motion asks the Court to impede upon the jurisdictional authority of the Bureau of Prisons insofar as it seeks interference with the calculation of his release date, credit for service of time, and the like.

The Attorney General, through the Bureau of Prisons (BOP), calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. *United States v. Wilson,* 503 U.S. 329, 334-37 (1992); *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993).  A defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was

imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, a defendant cannot receive "a double credit for his detention time." *Wilson,* 503 U.S. at 337.

During the time McPhetridge spent in federal custody on a writ *ad prosequendum*, he received credit toward the sentence imposed for the related state criminal case against him. He cannot receive credit for that time against the then yet-to-be-imposed federal sentence. The BOP correctly determined that McPhetridge **should** receive credit toward satisfaction of the federal sentence beginning on the date the sentence was imposed **because** this Court clarified the imposition of sentence to reflect that the federal sentence should be run concurrently with the state sentence. No further reduction is warranted.

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Watkins,* 625 F.3d 277, 280 (6th Cir.2010). No statutory authority supports McPhetridge's request. The motion should be **DENIED**.

        Respectfully submitted,

        DAVID J. HALE
        United States Attorney

        */s/ Jo E. Lawless*
        Jo E. Lawless
        Assistant United States Attorney
        717 West Broadway
        Louisville, Kentucky 40202
        (502) 625-7065
        (502) 582-5097 (Fax)

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing was sent by United States Mail on September 18, 2012, to:

Dustin McPhetridge
Federal Correctional Complex - Wb Unit
P.O. Box 9000
Forrest City, AR 72336

                                      /s/ *Jo E. Lawless*
                                      Jo E. Lawless
                                      Assistant United States Attorney